

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

May 21, 1947

Hon. Jean Day
County Attorney
Henderson County
Athens, Texas

Opinion No. V-214

Re: Compensation due delin-
quent tax attorney on
collection of tax when
15% exceeds the amount
of penalty and interest
collected.

Dear Mr. Day:

Your letter requesting our opinion relative to the above-captioned matter, reads, in part, as follows:

"Hutchins & Weeden, a firm of tax collecting attorneys, have a contract with Henderson County to collect delinquent taxes. They have the regular tax collecting contract, which calls for 15% upon the delinquent taxes collected to be paid out of the penalty and interest.

"In July, 1946, they filed suit against Texas Power & Light Co., to collect their 1945 tax. The suit was amended after February 1, 1947, to collect the Texas Power & Light Co's. 1946 tax. The suit was settled Mar. 8, 1947, the penalty and interest on the 1946 tax, when collected, amounted to 2.65% on the dollar of tax collected.

"Question:

"Now, are the tax attorneys, Hutchinson & Weeden, entitled to 15% on all the Texas Power & Light Co. taxes for the year 1946 collectable as excess penalty and interest accrued on all the delinquent tax collected until they receive an amount equal to the full 15% on the 1946 Texas Power & Light Co. taxes."

We have examined the delinquent tax contract executed by Henderson County and attorneys Hutchins & Weeden, which was duly approved by the Comptroller of Public Accounts and the Attorney General.  Paragraph VIII reads, in part, as follows:

"First Party agrees to pay to Second Party as compensation for the services hereunder required 15 per cent (not to exceed fifteen (15) per cent) of the amount collected of all delinquent taxes, penalty and interest of the years covered hereby, actually collected and paid to the collector of taxes during the term of this contract, of which Second Party is instrumental in collecting as evidenced by copies of communication, tax notices or abstracts filed with the tax collector prior to the payment of such tax, including collection of taxes on property not appearing on the assessment rolls nor shown delinquent but which would have been so shown had it been properly assessed, discovered by said Second Party, as and when collected, following the end of each month within the period of this contract; accordingly as the collector makes up his monthly reports; provided, cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected under the terms of this contract. . ."

The contract in question, both as to form and substance, is according to a form prepared by the Attorney General and adopted by the Comptroller of Public Accounts approximately eight years ago.  The Attorney General in its Opinion No. O-3579, approved June 4, 1941, construed the above quoted portion of the approved delinquent tax contract, and stated in part:

"To us the priviso in the contract 'cost of collecting delinquent taxes shall not exceed the amount of penalty and interest, or an amount equal to such penalty and interest of all delinquent taxes collected under the terms of this contract' was meant only to guard against the use of tax money itself to pay the costs of collection, but

to make the penalty and interest col-
lected under the contract as an over-
all proposition subject to such ex-
penses.  In other words, it was meant
to provide that the attorney's compen-
sation under the contract and any other
costs of collection incurred, if any,
should not exceed the total amount of
penalties and interest collected by
him during the time of and under the
contract.  Applying this to the con-
tract in question it is our opinion that
Mr. Payne may be paid the full 7½ per
cent commission stipulated in the con-
tract, so long as such per cent, plus
any other costs of collection incurred,
if any, do not exceed an amount equal
to the penalties and interest collected
under the contract from its beginning."

In other words, it has been the department-
al construction, since the inception of such contract
form, that the contracting attorney shall receive as
compensation for his services the contracted per cent
of all delinquent taxes, penalties and interest collect-
ed by him, provided that such per cent together with
other costs of collection, if any, either equals or is
less than the total penalties and interest collected un-
der such contract.  To illustrate:

A, the contracting attorney, makes the fol-
lowing collections during the life of his contract

$100,000.00      taxes
 15,000.00      interest
 10,000.00      penalties
$125,000.00 x  15 per cent commission =
          $18,750.00

Total penalties and interest = $25,000
Less other collection costs  =   5,000
                              $20,000

As the $20,000 exceeds the 15% commission A
will receive $18,750.00 as his compensation.

Hon. Jean Day - Page 4  (V-214)

## SUMMARY

Under the regular approved delinquent
tax contract, the delinquent tax attorney
receives the contracted per cent of delin-
quent taxes, penalties and interest col-
lected by him, provided that such per cent,
together with other costs of collection, if
any, equals or is a less amount than the
total penalties and interest collected un-
der such contract.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. V. Geppert
Assistant

WVG/lh/wb

APPROVED MAY 21, 1947

ATTORNEY GENERAL OF TEXAS